Dear Mayor Thompson:
In your correspondence to this office you state that the fire chief of Jonesboro holds a full-time appointed position in that capacity. You ask if the fire chief may simultaneously be employed as a part-time police officer with the Jonesboro police department.
The provisions of the Dual-Officeholding and Dual Employment Laws, R.S. 42:61, et seq., govern our response. R.S. 42:63(E) states:
 E. No person holding a full-time appointive office or full-time employment in the government of this state or of a political subdivision thereof shall at the same time hold another full-time appointive office or full-time employment in the government of the state of Louisiana, in the government of a political subdivision thereof, or in a combination of these.
The fire chief holds a full-time appointive office as defined by R.S.42:62, stating in pertinent part:
 (2) "Appointive office" means any office in any branch of government or other position on an agency, board, or commission or any executive office of any agency, board, commission, or department which is specifically established or specifically authorized by the constitution or laws of this state or by the charter or ordinances of any political subdivision thereof and which is filled by appointment or election by an elected or appointed public official or by a governmental body composed of such officials of this state or of a political subdivision.
 * * * *Page 2 (4) "Full-time" means the period of time which a person normally works or is expected to work in an appointive office or employment and which is at least seven hours per day of work and at least thirty-five hours per week of work.
 (5) "Part-time" means the period of time which a person normally works or is expected to work in an appointive office or employment which is less than the number of hours of work defined in this Section as full-time.
The fire chief holds "appointive office" as his office is created by virtue of Ordinance 274 of the Town of Jonesboro, providing:
 Ordinance No. 274 BE IT ORDAINED by the Mayor and Board of Aldermen of the Town of Jonesboro that a department to be known hereafter as the Jonesboro Fire Department, the object of which shall be the prevention of fire and the protection of life and property within the limits of the Town of Jonesboro is hereby created as follows:
 Section 1. Officers Article 1. The Department shall consist of a Chief, three Assistant Chiefs and other officers as the Chief and his assistants may deem necessary for the effective operation of the Department.
 Article 2. The Chief shall be appointed by the members of the Department for an indefinite period of time, and his tenure of office shall depend upon his good conduct and efficiency. The Chief shall be technically qualified by training and experience and shall have ability to command men and hold their respect and confidence. He shall be removed only for just cause and after a public hearing before the governing body of the Town and members of the fire department.
 Article 3. The Chief shall be held accountable to the Mayor only, and shall make written and verbal reports thereto as the mayor may require. All other department and company officers shall be accountable to the chief only.
 Article 4. The Assistant Chiefs and all other department and company officers shall be appointed by the Chief. Such officers shall be accountable only to the Chief, and subject to removal by him provided that the appointment and removal shall be subject to the ratification of the Mayor and Board of Aldermen. *Page 3 
The dual officeholding law does not prohibit a person holding a full-time appointive position from holding at the same time part-time employment or a part-time appointed position as is the case in question. However, this office stated in Atty. Gen. Op. No. 93-29 while a full-time fireman may also be employed as a part-time police officer, "his duties may not conflict." The author stated:
 In other words, the police officer may not be paid as a fireman while he is serving and being paid as a police officer.
In Opinion 87-121 this office found no violation of the dual-officeholding provisions where an elected chief of police held part-time employment as a police officer in another municipality, subject to the following limitation:
 However, it is clear that an individual cannot perform simultaneously the duties of the two offices, nor could an individual be paid for two positions when performing the duties of only one.
See copies of Attorney General Opinions 98-226, 93-29 and 87-121, attached.
There is no violation of the dual-officeholding statutes presented by these facts. In order to avoid a situation where a conflict might arise in the instant matter, the town may wish to enact an ordinance more specifically defining the duties of the town's appointed fire chief, so that there is no question regarding the responsibilities of that office.
We hope the foregoing is helpful to you. Should you have other questions, please contact this office.
 Very truly yours,
 CHARLES C. FOTI, JR. ATTORNEY GENERAL
 BY: _________________________
 KERRY L. KILPATRICK ASSISTANT ATTORNEY GENERAL
 KLK:arg *Page 1 
AUGUST 06 1998
OPINION 98-226
78 — OFFICERS — Dual Officeholding
R.S. 42:63
Dual officeholding law does not prohibi a person holding full-time employment or appointive position from holding at the same time part-time employment o: appointed position, but this office cannot resolve any ethical question in regard to performing both positions during the same works hours.
 Mr. Randal M. Hermes Ruston, Chief of Police P.O. Box 280 Ruston, LA 71273
Dear Chief Hermes:
This office is in receipt of your request for an opinion of the Attorney General in regard to a possible violation of the dual officeholding law. You indicate the Municipal Fire and Police Civil Service Board has employed a part time secretary for the Board who also holds the permanent position of secretary to the Chief of Police. While her regular work hours are 8:30 a.m. to 4:30 p.m. as secretary to the police chief, you state that "it has become practical, efficient and a business necessity to perform civil service responsibilities, from time to time, among her de-partmental duties." Thus, while on duty as Secretary to the Chief of Police for the City of Ruston, it often becomes necessary to perform a dual role of the secretary for the Civil Service Board. The performance of the civil service duties benefits the police and fire departments of the City of Ruston. The Civil Service Board sought to raise the salary paid its secretary which requires ap-proval and appropriation by the municipal governing authority in accordance with R.S. 33:2476(L)(3). The Ruston City Council posed the question presented herein as follows:
 Since the board secretary is a paid employee of the Ruston Police Department, and also a paid, part-time employee of the Civil Service Board, who performs Civil Service functions while on duty at the police department, does this fall under restricted "dual office holding"?
R.S. 42:63(E) provides as follows:
 No person holding a full-time appointive office or full-time employment in the government of this state or a po-litical subdivision thereof shall at the same time hold another full-time appointive office or full-time employ-ment in the government of the state of Louisiana, in the government of a political subdivision thereof, or in a combination of these. *Page 2 
The dual officeholding law does not prohibit a person holding full-time employment or full-time appointive position from holding at the same time part-time employment or part-time appointed position as is the case in question. However, this office stated in Atty. Gen. Op. No. 93-29 while a full-time fireman may also be employed as a part-time police officer, "his duties may not conflict." It was stated as follows:
 In other words, the police officer may not be paid as a fireman while he is serving and being paid as a police officer.
While we do not find a violation of the dual officeholding law, we find the related facts appear to present an ethical question inso-far as the part-time duties are being performed during the hours designated for the full-time position. This office is not in a position to resolve any ethical questions, but such an issue may be resolved by the Commission on Ethics for Public Employees, 8401 United Plaza Blvd., Suite 200, Baton Rouge, LA 70809.
We hope this response has given you sufficient guidance with respect to your inquiry.
 Sincerely yours,
 RICHARD P. IEYOUB Attorney General
 BY: _________________________
 BARBARA B. RUTLEDGE Assistant Attorney General *Page 1 
OPINION NO. 93-29
Fireman may not be compensated as a fireman while performing duties as a part-time police officer.
78-Officers Dual Officeholding
R.S. 15:255(E), R.S. 42:61A
 Honorable Eddie Knoll District Attorney Twelfth Judicial District Parish of Avoyelles State of Louisiana P.O. Box 426 Marksville, Louisiana 71351
Dear Mr. Knoll:
Your inquiry of recent date addressed to Attorney General Richard P. Ieyoub has been directed to me for attention and reply.
I understand your question to be as follows:
 May a full-time fireman who is required to testify in a criminal case arising from the fireman's duties as a part-time policeman be entitled to off-duty witness fees during the times he is being paid as a fireman.
Thank you for calling to our attention R.S. 15:255(E)(1) regarding entitlement to witness fees for off duty enforcement officers who are required to testify in a criminal case. In that connection you also call to our attention the following exception: "This fee shall not be paid, however, to any law enforcement officer who is compensated by his employer for his appearance as a witness. . . ."
More importantly, however, is the fact that although a full-time fireman may also be employed as a part-time police officer under Louisiana's Dual Officeholding and Dual Employment Law, his duties may not conflict. In other words, the police officer may not be paid as a fireman while he is serving and being paid as a police officer. *Page 2 
Therefore, it is the opinion of our office that the fireman may not receive pay for his work as a fireman while performing duties as a police officer. The fireman would then be entitled to witness fees under R.S 15:255 (E)(1) since he would not be receiving compensation as a fireman.
If you have any further questions regarding this matter please contact our office.
 Sincerely,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 BY: _________________________
 HARRY H. HOWARD Spec. Asst. Attorney General
PGPage 2
February 18, 1987
OPINION NO. 87-121
78-OFFICERS-DUAL OFFICEHOLDING
Subject to ethical considerations, an elected Chief of Police may also serve as employed police officer in a neighboring town.
R.S. 42:63D
 Mr. Lyle Schiele Chief of Police 212 N. Second Street Ferriday, Louisiana 71334-2898
Dear Mr. Schiele:
Your inquiry of recent date addressed to Attorney General William J. Guste, Jr. has been directed to me for attention and reply.
You ask the following question:
 Whether an elected Chief of Police of Ridgecrest, Louisiana may also serve as a patrolman police officer for the Town of Ferriday, Louisiana.
At the outset, both towns are separate local political subdivisions [R.S. 42:62(9)], and the office of patrolman on the police force for the Town of Ferriday would constitute an employment. [R.S. 42:62(3)].
The pertinent prohibition in Louisiana's Dual Officeholding and Dual Employment Law is contained in R.S. 42:63D which reads in part as follows:
 No person holding an elective office in a political subdivision of this state shall at the same time hold another elective office . . . no such person shall hold at the same time employment in the government of this state, or in the same political subdivision in which he holds an elective office. . . . *Page 2 
It is apparent that the prohibitions set forth in the foregoing paragraph would not apply to the offices in question, and a review of the "incompatible offices" provisions contained in R.S. 42:64 would also not be applicable. However, it is clear that an individual cannot perform simultaneously the duties of the two offices, nor could an individual be paid for two positions when performing the duties of only one.
Therefore, subject to the practical considerations noted above, it is the opinion of our office that an elected Chief of Police of a town may also serve as an employed police officer for a neighboring town, provided there is no conflict in duties or compensation.
If you have any further questions regarding this matter please contact our office.
 Sincerely yours,
 WILLIAM J. GUSTE, JR. Attorney General
 BY: _________________________
 HARRY H. HOWARD Spec. Asst. Attorney General
 HHH: cb